IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRIDGET LOGAN,

    Plaintiff,

v.

DEPARTMENT OF VETERANS AFFAIRS,

    Defendant

No. C-05-2234 MMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING**

    Before the Court is defendant United States Department of Veterans Affairs' ("the VA") motion to dismiss plaintiff Bridget Logan's complaint pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not filed opposition. Having considered the motion, the Court finds the matter appropriate for decision on the papers, VACATES the hearing scheduled for December 9, 2005, and rules as follows.

    Plaintiff's complaint includes one claim, specifically, a claim for violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). The VA argues that the complaint should be dismissed because the only named defendant, the VA, is not a proper defendant in an action arising under Title VII. The VA is correct. An agency of the United States may not be sued under Title VII; rather, "the head of the department, agency, or unit" is the only defendant that may be named. See 42 U.S.C. § 2000e-16(c). Consequently, the proper defendant is the head of the VA, R. James Nicholson ("Nicholson"), whom plaintiff did not

1  name as a defendant. Accordingly, plaintiff's complaint is subject to dismissal, for failure to
2  name the proper defendant.
3  　　　　The VA also argues that plaintiff should not be afforded an opportunity to amend her
4  complaint to name Nicholson as the proper defendant, on the ground that such amendment
5  would be futile on account of the statute of limitations. See 42 U.S.C. § 2000e-16(c).[1] In
6  support of such argument, the VA cites Mahoney v. United States Postal Service, 884 F. 2d
7  1194, 1196 (9th Cir. 1989) and Koucky v. Dept. of the Navy, 820 F. 2d 300, 302 (9th Cir.
8  1987) for the proposition that, under Rule 15(c), an amended complaint naming a new
9  defendant does not relate back to the filing of the original complaint where the newly-added
10 defendant did not have notice of the action within the applicable statute of limitations
11 period. The cited cases, however, have been abrogated by a 1991 amendment to Rule
12 15(c). See G.F. Company v. Pan Ocean Shipping Co., Ltd., 23 F.3d 1498, 1501 (9th Cir.
13 1994) (holding "old rule" that "forbade party amendments unless the party to be added had
14 notice of the action prior to the date on which the statute of limitations would have expired"
15 was abrogated by 1991 amendment to Rule 15(c)).
16 　　　　The current version of Rule 15(c) provides that an amended complaint naming a
17 new defendant relates back to the filing of the original complaint where the claim in the
18 amended complaint arises out of the same conduct as set forth in the original complaint,
19 and where, within 120 days of filing of the original complaint, the party to be added "(A) has
20 received such notice of the institution of the action that the party will not be prejudiced in
21 maintaining a defense on the merits, and (B) knew or should have known that, but for a
22 mistake concerning the identity of the proper party, the action would have been brought
23 against the party." See Fed. R. Civ. Pro. 15(c). Here, if plaintiff were to amend to name
24 Nicholson as the proper defendant, her Title VII claim against him would arise out of the

---

[1] The applicable statute of limitations is 90 days from the date plaintiff received her right-to-sue notice from the Equal Employment Opportunity Commission. See id. Plaintiff alleges she received a right-to-sue notice on March 15, 2005; she filed her initial complaint on June 2, 2005, less than 90 days thereafter. Thus, plaintiff's initial complaint, had she named the correct defendants, would appear to have been timely filed, and the VA does not argue to the contrary.

2

same conduct as set forth in her original complaint. Also, the VA concedes that Nicholson had notice of the action within 120 days of the date plaintiff filed her original complaint. (See Def.'s Mot., filed October 31, 2005, at 6:6-7) ("[T]he first time that either the VA or the Secretary of Veterans Affairs ever received notice of this case was . . . September 14, 2005.").) Further, because the only claim plaintiff alleged in her original complaint was a claim under Title VII, it would appear Nicholson knew or should have known, within the applicable 120-day period, that plaintiff, but for her mistaken belief that she could name the agency itself, would have named the head of the agency, to wit, Nicholson, as the defendant. In short, an amended complaint that substitutes Nicholson as the named defendant would not appear to be futile.

Accordingly, plaintiff will be afforded leave to file a First Amended Complaint that names Nicholson as the sole defendant.

**CONCLUSION**

For the reasons stated above:

1. The VA's motion to dismiss is hereby GRANTED.

2. Plaintiff's complaint is hereby DISMISSED, with leave to amend. If plaintiff wishes to proceed with this action, she must file and serve a First Amended Complaint, naming R. James Nicholson as the sole defendant, no later than December 23, 2005.

**IT IS SO ORDERED.**

Dated: December 2, 2005

MAXINE M. CHESNEY
United States District Judge