United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRIDGET LOGAN,

    Plaintiff,

  v.

DEPARTMENT OF VETERANS AFFAIRS,

    Defendant
                             /

No. C-05-2234 MMC

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

      Before the Court is defendant R. James Nicholson's motion, filed September 22, 2006, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has not filed opposition. Having considered the moving papers, the Court rules as follows.[1]

      As demonstrated by defendant, plaintiff has not exhausted the claim alleged herein, specifically, a claim of harassment on the basis of gender, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Even assuming plaintiff had exhausted said claim, defendant is, for the reasons stated in his motion, entitled to judgment for three separate reasons: (1) plaintiff lacks evidence to support a finding that she was subjected to "sufficiently severe or pervasive" conduct that could "alter the conditions of [her]

---

[1] By order filed October 19, 2006, the Court vacated the scheduled November 3, 2006 hearing and took the matter under submission.

employment and create an abusive working environment," see Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993); (2) plaintiff lacks evidence to support a finding that the conduct at issue, being pushed by a female co-worker into a room where a male co-worker yelled at her and would not allow her to leave for several minutes, was motivated by animus toward plaintiff's gender, see Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 76-78 (1998) (holding Title VII prohibits harassment "because of" gender); and (3) plaintiff lacks evidence to support a finding that defendant itself was negligent, see Swenson v. Potter, 271 F. 3d 1184, 1191-92 (9th Cir. 2001) (holding where Title VII claim premised on harassment by co-worker, employer liable only where "its own negligence is a cause" of harassment).

**CONCLUSION**

For the reasons stated above, defendant's motion for summary judgment is hereby GRANTED.

The Clerk of the Court shall enter judgment in favor of defendant and thereafter close the file.

**IT IS SO ORDERED.**

Dated: October 26, 2006

MAXINE M. CHESNEY
United States District Judge